BECKI D. GRAHAM, State Bar No. 238010
becki.graham@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRINK'S, INCORPORATED, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:15-cv-02702-MCE-CKD<br><br>**STIPULATION AND REQUEST TO STAY CLASS CLAIMS (L.R. 143); AND ORDER**<br><br>Judge:   Hon. Morrison C. England, JR.<br><br>Complaint Filed:  December 30, 2015<br>Trial Date:          None Set |

### STIPULATION

Pursuant to Local Rule 143, Plaintiff Tyler Anderson ("Plaintiff") and Defendant Brink's, Incorporated ("Defendant") (collectively, the "Parties") hereby stipulate to the following:

WHEREAS, in this action Plaintiff asserts a putative class action for violation of the Fair Credit Reporting Act ("Class Claims"), as well as individual claims for retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress ("Individual Claims").

WHEREAS, on March 25, 2016, Defendant filed a Motion to Stay ("Motion to Stay") (Dkt. No. 13, 13-1, 13-2, 13-3) in this action pending the U.S. Supreme Court's decision in *Spokeo, Inc. v. Robbins*, No. 13-1339 (U.S. April 27, 2015) (hereinafter "*Spokeo*") given that the Court was set to decide whether a plaintiff who suffered no actual harm, but sought only statutory damages has standing to pursue a cause of action for violation of the Fair Credit Reporting Act ("FCRA").  (*See*

Dkt. No. 13.)

WHEREAS, the hearing on this Motion was originally set for May 5, 2016;

WHEREAS, on April 13, 2016, the parties filed a stipulation and request to continue the hearing date on Defendant's Motion to Stay to July 28, 2016, and to otherwise stay discovery and the exchange of initial disclosures until after the hearing date on Defendant's Motion to Stay ("Stipulation").  (*See* Docket No. 13, 2016.);

WHEREAS, no discovery has been conducted to date based upon the parties' Stipulation;

WHEREAS, on May 16, 2016, the U.S. Supreme Court issued a decision in *Spokeo*, in which it held that the Ninth Circuit's Article III standing analysis was incomplete and thus it remanded the case back to the Ninth Circuit;

WHEREAS, the parties have agreed to stay the Class Claims until the Ninth Circuit issues an opinion addressing the issues on remand from the U.S. Supreme Court;

WHEREAS, this stipulation to stay the Class Claims does not extend to the individual claims, and the parties have agreed to proceed with litigating the individual claims of retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress;

WHEREAS, good cause exists to stay the class claims in efforts to conserve party and judicial resources that may be unnecessary depending on the Ninth Circuit's decision in *Spokeo*. Should this stipulation be granted, further resources will be conserved as Defendant will withdraw its pending Motion to Stay;

THEREFORE, the Parties hereby stipulate and request as follows:

1. That the Court issue an Order granting this Stipulation;
2. That the Court stay the Class Claims pending the Ninth Circuit's decision in *Spokeo*;
3. That the Court vacate the current scheduling order;
4. That the Court re-issue a new scheduling order for the Individual Claims only, either calculating dates from the date of the Court's Order granting this Stipulation (as opposed to the date of service of the Complaint), or otherwise order the parties to submit a status report that contains a proposed scheduling order for the Court's

consideration.

**IT IS SO STIPULATED.**

DATED: July 11, 2016                     BROSLAVSKY & WEINMAN, LLP


By: */s/ Zack Proslavsky (as authorized on 7/11/16)*
ZACK BROSLAVSKY
JONATHAN A. WEINMAN

Attorneys for Plaintiff and the Class
TYLER ANDERSON


DATED: July 11, 2016                     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Becki D. Graham*
BECKI D. GRAHAM

Attorneys for Defendant
BRINK'S, INCORPORATED


## ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that the parties' Stipulation is GRANTED as follows:

1. The Class Claims are stayed pending the Ninth Circuit's decision in *Spokeo*;
2. The current scheduling order is vacated;
3. The Court hereby orders the parties to submit a status report that contains a proposed scheduling order for the Court's consideration to be filed by August 1, 2016.

IT IS SO ORDERED.

**Dated: July 15, 2016**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE